**LTL ATTORNEYS LLP**
Caleb H. Liang, SBN 261920
Heather F. Auyang, SBN 191776
Kevin B. Kelly, SBN 274145
300 S. Grand Ave., Suite 3950
Los Angeles, CA 90071
Tel: (213) 612-8907
caleb.liang@ltlattorneys.com
heather.auyang@ltlattorneys.com
kevin.kelly@ltlattorneys.com

Attorneys for Plaintiff
SEEL INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| SEEL INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>XCOTTON CO., a California corporation; XCOTTON INSURANCE SERVICES LLC, a California company; XIAOMIANHUA DIGITAL TECHNOLOGY (SHANGHAI) CO., LTD., a limited liability company organized under the laws of the People's Republic of China; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.: 4:26-cv-01359-HSG<br><br>[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>Date: July 16, 2026<br>Time: 2:00 p.m.<br>Judge: Hon. Haywood S. Gilliam, Jr.<br>Courtroom: 2<br><br>Action Filed: February 13, 2026<br>Trial Date: Not Set |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Before the Court is the Motion of Plaintiff Seel Inc. ("Seel") for a preliminary injunction against Defendants Xcotton Co., Xcotton Insurance Services LLC, and Xiaomianhua Digital Technology (Shanghai) Co., Ltd. (collectively, "Defendants"). Having considered the Motion, the supporting and opposing papers, the record, and the argument of counsel, and good cause appearing, the Court GRANTS the Motion.

The Court finds that it has subject-matter jurisdiction over this action and personal jurisdiction over each Defendant, including Xiaomianhua Digital Technology (Shanghai) Co., Ltd., whose conduct was purposefully directed at this forum.

The Court further finds that Seel has shown a likelihood of success on the merits of its claims under the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*, and the Lanham Act, 15 U.S.C. § 1125(a); that Seel has also shown a likelihood of success on its claims for breach of the Master Services Agreement's confidentiality, use-restriction, and return covenants and under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, which independently support the provisions of this Order governing the use, disclosure, retention, and return of Seel's Confidential Information; that Seel is likely to suffer irreparable harm absent preliminary relief, including the ongoing loss of trade secret value, the erosion of merchant relationships, and reputational harm not remediable by damages; that the balance of equities tips in Seel's favor; and that a preliminary injunction is in the public interest. *See Winter v. Nat. Res. Def. Council*, Inc., 555 U.S. 7, 20 (2008).

In particular, Seel is likely to establish that the following statements disseminated by Defendants concerning Seel's services are literally false: (a) that Seel operates an illegal insurance business in China; (b) that Seel's service contracts are void or unenforceable; (c) that merchants that partner with Seel face regulatory liability; and (d) that Seel systematically denies consumer service requests.

These findings state the reasons the injunction issues. *See* Fed. R. Civ. P. 65(d)(1).

For purposes of this Order, "Seel's Confidential Information" means: (a) Seel's merchant

list and Seel's merchant-specific pricing, contract terms, service-level specifications, order-volume, performance, and profitability data; (b) Seel's pricing-intelligence and service-cost-modeling methodologies; (c) Seel's partner compensation frameworks, including commission rates, tiered incentive structures, payment terms, and clawback provisions; and (d) Seel's operational documentation, including merchant onboarding workflows, service-delivery and service-request processing procedures, and non-public product-integration architecture — in each case to the extent the information is not generally known or readily ascertainable by proper means.

Accordingly, IT IS HEREBY ORDERED that, pending final judgment in this action, Defendants, and their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Order (Fed. R. Civ. P. 65(d)(2)), are ENJOINED as follows:

1. Defendants shall cease using or disclosing Seel's Confidential Information.
2. Within fourteen days of this Order, Defendants shall (a) return to Seel's counsel or destroy all copies of Seel's Confidential Information and proprietary materials in their possession, custody, or control, except that Defendants shall retain any such materials to the extent necessary to satisfy their evidence-preservation obligations in this action and shall sequester those retained materials with Defendants' outside counsel, to be used solely for purposes of this litigation and subject to the protective order entered in this case; and (b) provide Seel a sworn certification of compliance, accompanied by a log identifying, by category, the materials returned, destroyed, and sequestered.
3. Defendants shall cease stating or implying, in commercial advertising or promotion directed to actual or prospective merchant clients for the purpose of influencing their purchasing decisions, that (a) Seel operates an illegal insurance business in China; (b) Seel's service contracts are void or unenforceable; (c) merchants that partner with Seel face regulatory liability; or (d) Seel systematically denies consumer service requests, or making any materially equivalent false statement of fact regarding the legality or regulatory compliance of Seel's services.

4. Defendants shall cease soliciting or diverting Seel's customers where such solicitation uses or relies upon Seel's Confidential Information, including by approaching merchants with offers calibrated to Seel's merchant-specific pricing tiers or contract terms. This provision does not prohibit Defendants from soliciting merchants through lawful, independent competitive efforts that do not use or rely upon Seel's Confidential Information.
5. Security under Federal Rule of Civil Procedure 65(c) is waived, the Court finding no realistic likelihood of cognizable harm to Defendants from this injunction, as the injunction requires only that Defendants compete using their own independently developed information. In the alternative, security is set in the amount of $__________.

This Order takes effect immediately upon entry and remains in effect pending final judgment or further order of the Court.

IT IS SO ORDERED.

DATED: _______________

_______________________________
HON. HAYWOOD S. GILLIAM, JR.
United States District Judge